IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HAROLD MEASHINTUBBY and<br>(2) NELLIE MEASHINTUBBY,<br><br>                  Plaintiffs,<br><br>vs.<br><br>(1) SHELLY PAULK, Chairperson of the<br>Oklahoma Tax Commission;<br>(2) MARK WOOD, Vice-Chairperson of the<br>Oklahoma Tax Commission;<br>(3) CHARLES PRATER, Secretary-Member<br>of the Oklahoma Tax Commission,<br><br>                  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.  22-cv-059-JFH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION FOR AMENDMENT OF
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

It is stipulated, pursuant to Fed. R. Civ. P. 15(a), by the Parties of this action, by and through their attorneys of record, that Defendants may file on or before June 20th, 2022, an amended Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, a copy of which is attached to this stipulation.

The reason for the amendment is to adjust the language of the Answer to indicate that a protest has only been filed by Plaintiffs on tax year 2017, and no protest has been filed with the Office of the Administrative Law Judges on tax year 2020. At the time Defendants prepared and served their Answer, Defendants believed that Plaintiffs had a pending protest for tax year 2020. Defendants have now come to learn that only tax year 2017 has a protest pending the administrative process.

1

Dated this 17th day of June, 2022.

                                        Respectfully submitted,

                                        */s/ Elizabeth Field*
                                        Elizabeth Field
                                        OBA # 22113
                                        Elizabeth.field@tax.ok.gov
                                        Attorney for Defendants
                                        OKLAHOMA TAX COMMISSION
                                        ATTN:    LEGAL
                                        P.O. Box 269056
                                        Oklahoma City, OK  73126
                                        Telephone:    (405) 522-9441
                                        Facsimile     (405) 601-7144


                                        */s/ O. Joseph Williams*
                                        O. Joseph Williams
                                        OBA # 19256
                                        jwilliams@reservationlaw-pllc.com
                                        Attorney for Plaintiffs
                                        RESERVATION LEGAL SOLUTIONS, PLLC
                                        The McCulloch Building
                                        114 N. Grand Avenue, Suite 520
                                        P.O. Box 1131
                                        Okmulgee, OK 74447
                                        Telephone:    (918) 752-0020
                                        Facsimile     (918) 894-6664

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) HAROLD MEASHINTUBBY and<br>(2) NELLIE MEASHINTUBBY,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) SHELLY PAULK, Chairperson of the<br>Oklahoma Tax Commission;<br>(2) MARK WOOD, Vice-Chairperson of the<br>Oklahoma Tax Commission;<br>(3) CHARLES PRATER, Secretary-Member<br>of the Oklahoma Tax Commission,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 22-cv-059-KEW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

COMES NOW, the Defendants, Shelly Paulk, Chairperson of the Oklahoma Tax Commission (the "Commission"), Mark Wood, Vice-Chairperson of the Commission, and Charles Prater, Secretary-Member of the Commission (hereinafter "Defendants"), and respectfully state below their response to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint").

**INTRODUCTION**

Oklahoma law sets forth a process by which a taxpayer may protest a decision of the Oklahoma Tax Commission. 68 O.S. § 221. In regards to Plaintiffs, the Commission issued letters to Plaintiffs denying their claims for the Exempt Tribal Income Exclusion for the 2017 and 2020 tax years. The Plaintiffs then initiated a protest on the 2017 tax year, and that matter is currently pending the administrative process. Plaintiffs did not file a protest before the Office of the Administrative Law Judges on the 2020 tax year. The Commission has not issued a final appealable

1

order for either protest. As such, Plaintiffs have failed to exhaust their administrative remedies, and this action is barred by the Tax Injunction Act.

## ANSWER

The Defendants hereby deny every allegation of fact and conclusion of law set forth in the Complaint unless otherwise admitted below.

1. The Defendants deny the allegation of fact and conclusion of law that jurisdiction is proper as alleged in Paragraphs 1.

2. The Defendants deny the allegation of fact and conclusion of law that jurisdiction is proper as alleged in Paragraph 2.

3. The Defendants deny the allegation of fact and conclusions of law that venue is proper as alleged in Paragraph 3.

4. The Defendants admit in part and deny in part the allegations in Paragraph 4. The Defendants admit that Harold Meashintubby is an enrolled member of the Choctaw Nation as stated in Paragraph 4; however, Defendants lack knowledge to confirm or deny the remaining allegations of Paragraph 4, and deny the same.

5. The Defendants admit in part and deny in part the allegations in Paragraph 5. The Defendants admit that Nellie Meashintubby is the spouse of Harold Meashintubby and that she is an enrolled member of the Choctaw Nation as stated in Paragraph 5; however, Defendants lack knowledge to confirm or deny the remaining allegations of Paragraph 5, and deny the same.

6. The Defendants admit the allegation of fact in Paragraph 6.

7. The Defendants admit the allegation of fact in Paragraph 7.

8. The Defendants admit the allegation of fact in Paragraph 8.

9. In Paragraph 9, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

10. In Paragraph 10, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

11. In Paragraph 11, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

12. In Paragraph 12, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

13. In Paragraph 13, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

14. In Paragraph 14, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

15. In Paragraph 15, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

16. In Paragraph 16, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

17. In Paragraph 17, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

18. In Paragraph 18, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

19. In Paragraph 19, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

20. In Paragraph 20, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

21. In Paragraph 21, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

22. In Paragraph 22, the Defendants admit to the existence of the alleged letter, but are without sufficient knowledge to admit or deny the allegations concerning positions taken by other state officials or the reasons therefore, other than the information contained within produced documentation. The Defendants deny the allegation that they have taken the formal position that *McGirt* has civil and taxation ramifications in the reservations.

23. In Paragraph 23, the Defendants admit to the existence of a response, but are without sufficient knowledge to admit or deny the allegations concerning positions taken by other state officials or the reasons therefore, other than the information contained within produced documentation.

24. In Paragraph 24, the Defendants admit to the existence of an agreement, but are without sufficient knowledge to admit or deny the allegations concerning positions taken by other state officials or the reasons therefore, other than the information contained within produced documentation.

25. In Paragraph 25, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

26. In Paragraph 26, Plaintiffs set forth legal conclusions to which no response is required. To the extent responses are necessary, the allegations are denied.

27. The Defendants admit the allegations in Paragraph 27.

28. The Defendants admit to the existence of the report referred to in Paragraph 28, but deny the allegations regarding the report made by Plaintiffs in Paragraph 28.

29. The Defendants admit to the existence of the letter written by the Commission's General Counsel Elizabeth Field to Blaine Peterson stating that *McGirt* was limited to criminal matters and has not been expanded to civil matters nor to taxation and further stating that the State's tax laws are not impacted by *McGirt* as stated in Paragraph 29, but the Defendants deny that this amounted to a change in the Commission's position.

30. The Defendants admit that Plaintiffs are enrolled members of the Choctaw Nation as alleged in Paragraph 30, but lack knowledge to confirm or deny the remaining allegations of Paragraph 30, and deny the same.

31. The Defendants admit the allegations in Paragraph 31.

32. The Defendants admit that the Commission sent a letter on June 3, 2021, disallowing the exempt tribal income exclusion as stated in Paragraph 32, but deny the allegation that a legal basis for the denial was required to be provided in the letter.

33. The Defendants admit that Plaintiffs sent a timely Protest Letter for Tax Year 2017 as stated in Paragraph 33, but deny Plaintiffs' allegation that the Commission has failed to respond.

34. The Defendants admit the allegations in Paragraph 34.

35. The Defendants admit that the Commission sent a letter on October 19, 2021, disallowing the exempt tribal income exclusion as stated in Paragraph 35, but deny the allegation that a legal basis for the denial was required to be provided in the letter.

36. The Defendants admit to the existence of a letter from Plaintiffs dated November 12, 2021, but deny the allegation of fact that Plaintiffs sent a letter to the OTC Chairman as stated in

Paragraph 36. The letter referenced by Plaintiffs was addressed to Clark Jolley, who resigned as a Commissioner effective November 1, 2021, and, therefore, Plaintiffs mailed a certified letter to a former Commissioner who was publicly known to not be employed by the Oklahoma Tax Commission. The Defendants admit that the letter was mailed within thirty (30) days of the mailing of the Commission's letter, but deny that it constituted formal notice.

37. The Defendants admit the allegation of fact that Plaintiffs' "226 Letter" was sent within one year of the date of the Commission's adjustment letter for the 2020 tax year. However, the Defendants deny the allegation of fact and conclusion of law that Plaintiffs' action was "in accordance with Section 226."

38. The Defendants deny the allegations of fact and conclusions of law in Paragraph 38.

39. The Defendants admit to the existence of the letters alleged by Plaintiffs in Paragraph 39 with respect to the 2020 tax year, but deny the allegation that the OTC threatened Plaintiffs.

## COUNT I

40. The Defendants deny the allegations of fact and conclusions of law in Paragraph 40.

41. The Defendants deny the allegations of fact and conclusions of law in Paragraph 41.

42. The Defendants deny the allegations of fact and conclusions of law in Paragraph 42.

## COUNT II

43. The Defendants deny the allegations of fact and conclusions of law in Paragraph 43.

44. The Defendants deny the allegations of fact and conclusions of law in Paragraph 44.

45. The Defendants deny the allegations of fact and conclusions of law in Paragraph 45.

## COUNT III

46. The Defendants deny the allegations of fact and conclusions of law in Paragraph 46.

47. The Defendants deny the allegations of fact and conclusions of law in Paragraph 47.

48. The Defendants deny the allegations of fact and conclusions of law in Paragraph 48.

## AFFIRMATIVE DEFENSES

1. The Defendants preserve all objections and defenses available under Federal Rule of Civil Procedure 12, or elsewhere as may become known in the course of this lawsuit, including defenses and claims raised by the Plaintiffs.

2. The Defendants assert that the Tax Injunction Act, 28 U.S.C. § 1341, deprives the Court of jurisdiction to grant the requested relief.

3. The Defendants assert Plaintiffs have failed to join a proper party.

4. The Defendants assert Plaintiffs have failed to state a claim upon which relief can be granted.

5. The Defendants assert the Court lacks jurisdiction, as the State is entitled to Eleventh Amendment and sovereign immunity.

6. The Defendants assert the Court lacks subject matter jurisdiction over the instant action due, in part, to the following reasons:

    a. The Plaintiffs have another action pending for the same claims in a different court. The Plaintiffs are litigating the issues in this case through their pending protest with the Commission on tax year 2017; and,

    b. The Plaintiffs have failed to exhaust their available administrative remedies.

7. The Defendants assert that the standards of federal Indian law and federal equity practice described in *City of Sherrill* v. *Oneida Indian Nation*, 544 U.S. 197 (2005), preclude the requested relief.

WHEREFORE, premises considered, the Defendants respectfully pray that Plaintiffs' Complaint be denied and for such further relief that this Court finds equitable and proper.

Respectfully submitted,

_____
Elizabeth Field
OBA # 22113
Elizabeth.field@tax.ok.gov
Attorney for Defendants
OKLAHOMA TAX COMMISSION
ATTN:	LEGAL
P.O. Box 269056
Oklahoma City, OK  73126
Telephone:	(405) 522-9441
Facsimile	(405) 601-7144