UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

HAROLD MEASHINTUBBY and
NELLIE MEASHINTUBBY,

                                        Plaintiffs,


                        v.                                              No. 6:22-cv-00059-JFH

SHELLY PAULK, Chairperson of the
Oklahoma Tax Commission;
MARK WOOD, Vice-Chairperson of the
Oklahoma Tax Commission;
CHARLES PRATER, Secretary-Member
of the Oklahoma Tax Commission,

                                        Defendants.


**MOTION OF DEFENDANTS
TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
AND MEMORANDUM OF LAW IN SUPPORT**


ELIZABETH FIELD (OBA #22113)
TAYLOR FERGUSON (OBA #32027)
AMBRIELLE ANDERSON (OBA #33457)
OKLAHOMA TAX COMMISSION
 P.O. Box 269056
 Oklahoma City, OK 73126
 Tel: (405) 522-9411
 Fax: (405) 601-7144
 elizabeth.field@tax.ok.gov


*Attorney for Defendants*

## TABLE OF CONTENTS

Page

Introduction ..................................................................................................1

Background ...................................................................................................1

Argument .....................................................................................................4

    I.     The Tax Injunction Act precludes the exercise of federal jurisdiction
over this action .............................................................................4

         A.     The Tax Injunction Act applies to all of plaintiffs' claims .........5

             1.    Claim for prospective injunctive relief ............................5

             2.    Claim for declaratory relief ...........................................11

             3.    Claim for monetary relief ..............................................11

         B.     Plaintiffs have a 'plain, speedy and efficient' remedy
under state law ...................................................................12

         C.     The Court would lack jurisdiction over the claims
for declaratory and monetary relief even if the
Tax Injunction Act did not apply to them ................................13

    II.    The Court should decline to exercise jurisdiction pursuant to
the principle of comity .................................................................14

    III.   Any amendment to the complaint would be futile ............................15

Conclusion ................................................................................................16

## TABLE OF AUTHORITIES

### CASES

*Abuzaid v. Mattox*, 726 F.3d 311 (2d Cir. 2013) ...............................................8

*Adams v. FedEx Ground Package Sys., Inc.*, 546 F. App'x 772 (10th Cir. 2013) ...........14

*Ali v. Rumsfeld*, 649 F.3d 762 (D.C. Cir. 2011) ..............................................14

*Am. Petrofina Co. of Tex. v. Nance*, 859 F.2d 840 (10th Cir. 1988) ................................11

*Arkansas v. Farm Credit Servs. of Central Ark.*, 520 U.S. 821 (1997) ..............................9

*Baker v. USD 229 Blue Valley*, 979 F.3d 866 (10th Cir. 2020) .......................................10

*Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972) ................................................11

*Brooks v. Nance*, 801 F.2d 1237 (10th Cir. 1986) .........................................11, 12, 13, 15

Page

Cases—continued:

*California v. Grace Brethren Church*, 457 U.S. 393 (1982) ...............................................11

*Chamber of Com. v. Edmondson*, 594 F.3d 742 (10th Cir. 2010) ...................................8, 9

*Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) .................................................13

*Cities Serv. Gas Co. v. Okla. Tax Comm'n*, 656 F.2d 584 (10th Cir. 1981) ..............11, 12

*Citizens Bank of Md. v. Strumpf*, 516 U.S. 16 (1995).......................................................10

*Direct Marketing Ass'n v. Brohl*, 575 U.S. 1 (2015).......................................................5, 6

*Estate of Harshman v. Jackson Hole Mountain Resort Corp.*,
    379 F.3d 1161 (10th Cir. 2004) ...........................................................................13, 14

*Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100 (1981) ....................14, 15

*Grayson v. State*, 485 P.3d 250 (Okla. Crim. App. 2021),
    *cert. denied*, 142 S. Ct. 934 (2022).........................................................................2

*Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111 (10th Cir. 2017) ..........................6

*Hanson v. Wyatt*, 552 F.3d 1148 (10th Cir. 2008)............................................................14

*Henry v. Off. of Thrift Supervision*, 43 F.3d 507 (10th Cir. 1994) ...................................14

*Hibbs v. Winn*, 542 U.S. 88 (2004)...................................................................................11

*Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007)............................................................*passim*

*Huang v. City of Los Angeles*, 637 F. App'x 363 (9th Cir. 2016) .......................................8

*Kan. Nat. Res. Coal. v. Dep't of Interior*, 971 F.3d 1222 (10th Cir. 2020),
    *cert. denied*, 141 S. Ct. 2723 (2021)........................................................................11

*Kelly v. Springett*, 527 F.2d 1090 (9th Cir. 1975) ...........................................................11

*Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017) .................................9

*Landowners United Advoc. Found., Inc. v. Cordova*,
    822 F. App'x 797 (10th Cir. 2020)...........................................................................15

*Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298 (4th Cir. 2000)..................11

*Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010).......................................................14, 15

Page

Cases—continued:

*Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670 (10th Cir. 2016) ..............................14

*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305 (10th Cir. 1999) ........................6, 8, 12

*Matheson v. Smith*, 551 F. App'x 292 (9th Cir. 2013) ......................................................8

*McArthur v. Utah*, 105 F.3d 669, 1996 WL 742401 (10th Cir. 1996) .............................15

*McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) ...........................................................1, 2, 3

*McHugh v. Carini*, Civ. No. 17-35, 2017 WL 3446286 (N.D. Okla. Aug. 10, 2017).......15

*Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895 (6th Cir. 2014) .........................13

*Seale v. Peacock*, 32 F.4th 1011 (10th Cir. 2022) ..........................................................10

*Sizemore v. State*, 485 P.3d 867 (Okla. Crim. App. 2021),
    *cert. denied*, 142 S. Ct. 935 (2022) .............................................................................2

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) .............................13

*State v. Lawhorn*, 499 P.3d 777 (Okla. Crim. App. 2021) ................................................2

*State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021),
    *cert. denied*, 142 S. Ct. 757 (2022) .............................................................................2

*Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314 (W.D. Okla. 2018)..................13

*Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*,
    338 F.3d 442 (5th Cir. 2003) ........................................................................................8

*Wright v. Pappas*, 256 F.3d 635 (7th Cir. 2001) ...........................................................11

*Ex Parte Young*, 209 U.S. 123 (1908) .........................................................................3, 5

## CONSTITUTION, STATUTES, RULES, AND REGULATIONS

U.S. Const., Art. III.....................................................................................................10

Declaratory Judgment Act, 28 U.S.C. § 2201 ...............................................................13

Major Crimes Act, 18 U.S.C. § 1153 .............................................................................2

Tax Injunction Act, 28 U.S.C. § 1341 ....................................................................*passim*

18 U.S.C. § 1151.........................................................................................................1

Page

Statutes, rules, and regulations—continued:

28 U.S.C. § 1367(a) ................................................................13

Fed. R. Civ. P. 12(b)(1) ..........................................................1, 4

Fed. R. Civ. P. 12(c) ...............................................................1, 4

LCvR 7.1(*o*) ..........................................................................15

Okla. Stat. tit. 68:

    § 207(c) ............................................................................3

    § 217 ............................................................................7, 10

    § 217(A) ...........................................................................7

    § 217(G) ...........................................................................7

    § 226 ........................................................................*passim*

    § 226(c) ..................................................................3, 11, 12

    § 2352 ..............................................................................7

    § 2375 ......................................................................7, 9, 10

    § 2375(B) .......................................................................7, 9

OKLA. ADMIN. CODE:

    § 710:1-3-47 ...................................................................10

    § 710:50-15-2 ...................................................................2

    § 710:50-15-2(a)(1) ...........................................................2

    § 710:50-15-2(a)(2) ...........................................................2

    § 710:50-15-2(b)(1) ...........................................................2

**MISCELLANEOUS**

Oklahoma Tax Commission, Amended Order No. 2021-03-02-04
    (Mar. 8, 2021) <tinyurl.com/otcextension>....................................3

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c), defendants Shelly Paulk, Mark Wood, and Charles Prater respectfully move to dismiss the complaint for lack of subject-matter jurisdiction.

## INTRODUCTION

Plaintiffs are enrolled members of the Choctaw Nation who contend that they are no longer required to pay state income tax after the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). But rather than challenging their tax assessments before the Oklahoma Tax Commission or in the Oklahoma state courts, plaintiffs filed this lawsuit in federal court, bringing claims under federal and state law against individual members of the Tax Commission. Plaintiffs seek injunctive, declaratory, and monetary relief.

The Tax Injunction Act is designed to foreclose precisely this kind of lawsuit. Where a taxpayer has an adequate remedy under state law, the Act deprives a federal court of subject-matter jurisdiction to enjoin the assessment and collection of state taxes; to issue declaratory relief interfering with state taxation; and to order the refund of state taxes. The Act squarely covers all of plaintiffs' claims, and the Tenth Circuit has repeatedly held that Oklahoma law provides an adequate remedy for taxpayers to challenge the imposition of state taxes. Independently, the principle of comity that a federal court applies in an action challenging state taxation would warrant abstention from the assertion of federal jurisdiction even if the Tax Injunction Act did not apply. Defendants' motion to dismiss for lack of subject-matter jurisdiction should be granted.

## BACKGROUND

1.   In *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the Supreme Court held that a large area of eastern Oklahoma—land that at one time was within the boundaries of the Creek Nation—qualifies as "Indian country" under 18 U.S.C. § 1151, which defines the term "Indian country" for

purposes of federal criminal law.  Based on that determination, the Supreme Court held that the federal government has exclusive authority to prosecute crimes covered by the Major Crimes Act, 18 U.S.C. § 1153, within the boundaries of the historical Creek territory.  In *Sizemore v. State*, 485 P.3d 867, 869–71 (2021), *cert. denied*, 142 S. Ct. 935 (2022), the Oklahoma Court of Criminal Appeals extended the reasoning in *McGirt* to the Choctaw Reservation.  The Court of Criminal Appeals also extended *McGirt* to the historical territories of the Chickasaw, Cherokee, Seminole, and Quapaw Tribes.  *See, e.g.*, *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *cert. denied*, 142 S. Ct. 757 (2022); *Grayson v. State*, 485 P.3d 250, 254 (Okla. Crim. App. 2021), *cert. denied*, 142 S. Ct. 934 (2022); *State v. Lawhorn*, 499 P.3d 777, 779 (Okla. Crim. App. 2021).  Under those combined decisions, nearly half of the State of Oklahoma—including all of the City of Tulsa—constitutes Indian country for purposes of federal criminal law.

In the wake of those decisions, thousands of taxpayers have claimed exemptions from Oklahoma income tax under a regulation that governs the application of the tax to Native Americans. *See* OKLA. ADMIN. CODE § 710:50-15-2.  Under that regulation, income earned by an enrolled member of a federally recognized tribe from sources within "Indian country" under their tribe's jurisdiction is exempt from state income tax if the tribe member also lives in "Indian country" under their tribe's jurisdiction.  *See id.* § 710:50-15-2(b)(1).  The regulation defines "Indian country" as "formal and informal reservations, dependent Indian communities, and [certain] Indian allotments."  *Id.* § 710:50-15-2(a)(1).  The exemption does not apply to tribe members who live or work on fee lands within the boundaries of an informal reservation.  *See id.* § 710:50-15-2(a)(2).

2.     Plaintiffs are Harold and Nellie Meashintubby, a married couple living in McAlester, Oklahoma.  Compl. ¶¶ 4–5 (Dkt. No. 2).  Both are enrolled members of the Choctaw Nation of Oklahoma; they allege that, during tax years 2017 and 2020, they both lived and worked

within the boundaries of the historical Choctaw territory.  Compl. ¶¶ 4–5, 30.  After the decision in *McGirt*, plaintiffs amended their state tax return for tax year 2017 to claim an exemption from Oklahoma income taxation.  Compl. ¶ 31.  Plaintiffs claimed the same exemption on their Oklahoma tax return for tax year 2020.  *See* Compl. ¶ 34.

The Oklahoma Tax Commission denied plaintiffs' requests for the exemption, Compl. ¶¶ 32, 35, resulting in a denial of the refund claimed by plaintiffs for tax year 2017 and an assessment of additional tax for tax year 2020.  In response, plaintiffs filed an administrative protest to the denial of the exemption for tax year 2017.  *See* Compl. ¶ 33; Dkt. No. 2-8; Okla. Stat. tit. 68, § 207(c).  For tax year 2020, plaintiffs paid their tax liability under protest pursuant to title 68, section 226, of the Oklahoma Statutes, which provides a taxpayer with a cause of action against the Oklahoma Tax Commission to challenge the assessment of any state tax as "violative of any Congressional Act or provision of the Federal Constitution."  Okla. Stat. tit. 68, § 226(c); *see* Dkt. No. 2-10.  The Oklahoma Tax Commission subsequently billed plaintiffs for interest and penalties for tax year 2020, which accrued as a result of plaintiffs' failure to pay their tax liability by the due date of June 15, 2021.  *See* Dkt. No. 2-11; Oklahoma Tax Commission, Amended Order No. 2021-03-02-04 (Mar. 8, 2021) <tinyurl.com/otcextension>.

On February 18, 2022, plaintiffs filed this action in federal court against the three members of the Oklahoma Tax Commission, alleging that federal law preempts the State's authority to tax plaintiffs' income derived from sources within the boundaries of the historical Choctaw territory. *See* Compl. 1–3.  Plaintiffs seek three forms of relief.  Invoking the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), plaintiffs seek prospective injunctive relief preventing defendants from taxing their income and assessing any related interest and penalties in the future.  *See* Compl. 2 & ¶¶ 43–45.  Plaintiffs also request a declaration that "the Choctaw Reservation is Indian country for

purposes of preempting [s]tate taxation, including penalties and interest, upon [p]laintiffs' income." Compl. ¶ 42. Finally, plaintiffs seek a refund of the tax they paid under protest for tax year 2020 pursuant to title 68, section 226, of the Oklahoma Statutes. *See* Compl. ¶¶ 46–48.

Defendants filed an answer to the complaint on April 7, 2022. *See* Dkt. No. 11. They asserted that plaintiffs cannot proceed with this action because, *inter alia*, the Court lacks jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341. *See id.* at 2, 7.

## ARGUMENT

The complaint should be dismissed for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(c) because the Tax Injunction Act deprives the Court of subject-matter jurisdiction over all of plaintiffs' claims. In the alternative, the Court should abstain from exercising jurisdiction under longstanding principles of comity that counsel federal courts to decline jurisdiction over lawsuits seeking to interfere with state taxation.

## I.   THE TAX INJUNCTION ACT PRECLUDES THE EXERCISE OF FEDERAL JURISDICTION OVER THIS ACTION

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act is "to be read as a broad jurisdictional barrier" and is "first and foremost a vehicle to limit dramatically federal district court jurisdiction." *Hill v. Kemp*, 478 F.3d 1236, 1246 (10th Cir. 2007) (internal quotation marks and citation omitted). As the Tenth Circuit has explained, the Act "serves an important role in the smooth operation of our federal system." *Id.* at 1247. Because "the power to tax is basic to the power of the State to exist," "[a State's] interest in the integrity of [its] own processes is of particular moment respecting questions of state taxation." *Id.* (citation omitted).

4

The Tax Injunction Act "reflects a congressional concern to confine federal court intervention in state government." *Id.* (citation omitted).

The Tax Injunction Act precludes the exercise of jurisdiction over this action. All of plaintiffs' claims fall within the scope of the Act's prohibition on federal interference with state tax collection. And the Tenth Circuit has repeatedly held that Oklahoma law provides taxpayers with a "plain, speedy and efficient remedy" to challenge state tax assessments. The case should thus be dismissed for lack of subject-matter jurisdiction.

### A.     The Tax Injunction Act Applies To All Of Plaintiffs' Claims

Plaintiffs seek three forms of relief in their complaint. *First*, they seek prospective injunctive relief under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), against the assessment of Oklahoma income taxes for income earned within the boundaries of Choctaw territory. *See* Compl. ¶¶ 43–45. *Second*, they seek a declaratory judgment that "the Choctaw Reservation is Indian country for purposes of preempting State taxation." *Id.* ¶ 42. *Third*, they seek recovery under title 68, section 226, of the Oklahoma Statutes for the income taxes they paid under protest for tax year 2020. *See id.* ¶¶ 46–48. Each of those claims falls squarely within the scope of the Tax Injunction Act.

#### 1.     *Claim For Prospective Injunctive Relief*

a.     By its plain terms, the Tax Injunction Act precludes claims seeking an injunction against the "assessment, levy, or collection" of state taxes. 28 U.S.C. § 1341. An injunction is thus "clearly a form of equitable relief barred by the [Act]." *Direct Marketing Ass'n v. Brohl*, 575 U.S. 1, 7 (2015). And plaintiffs' claim for injunctive relief expressly seeks to prevent the State from "exercis[ing] . . . taxation jurisdiction in the Choctaw Reservation against [p]laintiffs." Compl. ¶ 44(a). Plaintiffs are thus asking the Court to enjoin the State from "recording . . . a

taxpayer's liability" ("assessment"); from "assessing, recording, and collecting the amount a tax-payer owes" ("levy"); and from "obtaining payment of taxes due" ("collection"). *Direct Market-ing*, 575 U.S. at 9–10; *see Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1117 (10th Cir. 2017). The Tax Injunction Act deprives this Court of jurisdiction to grant plaintiffs' request.

b.     Plaintiffs recognize their obvious problem under the Tax Injunction Act in their complaint, seeking an "alternative remedy of injunctive relief against [any] interest and penalties" "[i]n the event the Court determines the Tax Injunction Act . . . applies to the income taxes in question." Compl. ¶ 45; *see id.* at 16 (paragraph C of the request for relief). That alternative remedy would allow the action to proceed, plaintiffs argue, because the Act "does not apply to interest and penalties." Compl. ¶ 45. Plaintiffs are mistaken.

To determine whether the Tax Injunction Act applies to a particular legal challenge, courts ask whether the action involves a "tax" or a "regulatory fee." *See, e.g., Hill*, 478 F.3d at 1244; *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1311 (10th Cir. 1999). "The critical inquiry focuses on the purpose of the assessment and the ultimate use of the funds." *Marcus*, 170 F.3d at 1311. As then-Judge Gorsuch explained, a "tax" is an "enforced, usually proportional, contribu-tion . . . for the support of government and for the public needs." *Hill*, 478 F.3d at 1244 (citations omitted); *see also id.* (listing additional definitions). The "classic tax" thus "sustains the essential flow of revenue to the government," including, for example, "an income tax, imposed by the leg-islature to defray general state expenses (even though a portion may go to defray the administration of the income tax collection system)." *Id.* at 1246 (citation omitted). By contrast, the "classic fee is linked to some regulatory scheme," such as "an entry charge imposed by a state park authority to regulate park usage and support only the upkeep of the park." *Id.* (citation omitted). Assess-ments that "appear to have characteristics of both" taxes and fees are "to be regarded as cases of

taxation" unless "regulation is the primary purpose" of the assessment.  *Id.* at 1244 (citation omitted).

      i.      To the extent that plaintiffs are seeking an injunction against the collection of the interest and penalties imposed by the Oklahoma Tax Commission for tax year 2020, *see* Compl. ¶ 39, those interests and penalties easily qualify as "taxes" for purposes of the Tax Injunction Act. The interest for tax year 2020 was assessed under title 68, section 217(A), of the Oklahoma Statutes, which imposes a 1.25% interest rate on delinquent tax payments.  *See* Okla. Stat. tit. 68, § 217.  The penalty for tax year 2020 was assessed under title 68, section 2375, of the Oklahoma Statutes, which imposes a 5% penalty on delinquent tax payments.  *See* Okla. Stat. tit. 68, § 2375(B); Dkt Nos. 2-9, 2-11 (showing a 5% penalty of $318.85 on $6,377.00 in outstanding taxes).  The Oklahoma Legislature provided that "[a]ll penalties or interest" imposed by title 68 are recoverable as a "part of the tax with respect to which they are imposed" and shall be "apportioned as provided for the apportionment of the tax on which such penalties or interest are collected."  Okla. Stat. tit. 68, § 217(G).  The apportionment of income taxes collected by the Oklahoma Tax Commission, including associated interest and penalties, is directed by the Oklahoma Legislature in title 68, section 2352; over 85% of such collections are deposited in the State's General Revenue Fund for appropriation by the Legislature, with the remainder largely being placed to the credit of various funds supporting education.  *See* Okla. Stat. tit. 68, § 2352.

      The interest and penalties assessed on plaintiffs for tax year 2020 thus qualify as a "classic tax."  *Hill*, 478 F.3d at 1246.  The interest and penalties are imposed by the legislature in an amount "expressly prescribed by statute."  *Id.*  Moreover, being deposited in the General Revenue Fund and used for the support of other state services, they are "spread among a wide array of [s]tate

initiatives," rather than used primarily to defray the Oklahoma Tax Commission's regulatory expenses. *See id.* at 1245; *cf. Marcus*, 170 F.3d at 1311 (holding that a disability parking charge was a fee rather than a tax where the governing statute expressly provided for a "special fund" to cover the relevant agency's administrative expenses).

Federal courts regularly cite similar factors when dismissing claims challenging the imposition of interest and penalties for delinquent taxes under the Tax Injunction Act. *See, e.g.*, *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003); *Huang v. City of Los Angeles*, 637 F. App'x 363, 364 (9th Cir. 2016); *Matheson v. Smith*, 551 F. App'x 292, 294–95 (9th Cir. 2013). As one federal court of appeals has explained, penalties for tax delinquency are "inexorably tied to the tax collection itself." *Washington*, 338 F.3d at 444 (citation omitted). As another has observed, "penalties imposed under the [S]tate's tax laws designed to encourage payment of taxes . . . are indisputably part of the [S]tate's tax system." *Abuzaid v. Mattox*, 726 F.3d 311, 315–16 (2d Cir. 2013). Interest, too, is "logically a part of the tax itself" where (as here) it is "meant solely to account for the government's opportunity cost resulting from the delay in receiving the funds." *Chamber of Com. v. Edmondson*, 594 F.3d 742, 762–63 (10th Cir. 2010).

To be sure, the Tenth Circuit in *Edmonson, supra*, observed that "a statute's incentive structure and avowed purpose" may help to "more clearly elucidate its goal." 594 F.3d at 762. There, for example, the Tenth Circuit held that a penalty imposed under an Oklahoma immigration statute for an employer's failure to verify the immigration status of its independent contractors did not constitute a tax for purposes of the Tax Injunction Act. *See id.* at 753–55. The court noted that the "expressed primary goal of the Oklahoma Act [was] to regulate behavior": the relevant legislation stated that its purpose was to "'discourage illegal immigration' through verification of

work eligibility." *Id.* at 763 (quoting the Oklahoma Taxpayer and Citizen Protection Act of 2007, 2007 Okla. Sess. Laws, Ch. 112, § 2). The court further observed that Oklahoma "does not receive any revenue" if an employer "complies with [the state law] by verifying the employment authorization of its independent contractors." *Id.* at 764. Because the primary purpose of the penalty was "not to ensure that taxes are collected" but instead to "regulate behavior," the Tax Injunction Act did not bar an action in federal court challenging the penalty. *Id.*

*Edmonson* supports defendants' position here. The primary purpose of the assessment of a penalty for delinquent taxes under section 2375 is "to ensure that taxes are collected." *Edmonson*, 594 F.3d at 764. While the penalty may serve in part to incentivize certain behavior, the behavior it seeks to incentivize is *the timely payment of taxes*. Indeed, the penalty under section 2375 is waived if the taxpayer pays the outstanding taxes and interest within 60 days of the mailing of a proposed tax assessment. *See* Okla. Stat. tit. 68, § 2375(B). The penalty thus seeks to encourage the prompt payment of taxes and thereby works to secure the State's revenue stream. The penalty under section 2375 therefore falls squarely within the scope of the Tax Injunction Act.

The Supreme Court has also cautioned that "federal courts must guard against interpretations of the Tax Injunction Act which might defeat its purpose and text." *Arkansas v. Farm Credit Servs. of Central Ark.*, 520 U.S. 821, 827 (1997). But allowing a plaintiff to challenge the assessment of interest and penalties for delinquency on the same grounds as the plaintiff seeks to challenge the assessment of the underlying tax would create an end-run around the Tax Injunction Act. Any time a taxpayer wanted to challenge a state tax in federal court, the taxpayer could simply refuse to pay the tax, wait for interest and penalties to be assessed, and then mount a challenge directed only to the interest and penalties. Such an interpretation "would make it trivially easy" to avoid the Tax Injunction Act, *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1428

(2017), and "[i]t is an elementary rule of construction that [an] act cannot be held to destroy itself," *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 20 (1995) (internal quotation marks and citation omitted). The Tax Injunction Act therefore deprives the Court of jurisdiction over plaintiffs' claim for injunctive relief against the collection of the interest and penalties assessed under sections 217 and 2375 for tax year 2020, in addition to the underlying tax.

ii. To the extent that plaintiffs seek prospective injunctive relief against interest and penalties that the Oklahoma Tax Commission has not yet assessed on tax liabilities that have not yet become due, their request fails for an additional reason: they lack Article III standing to pursue that relief. A plaintiff can satisfy Article III's case-or-controversy requirement only if it has suffered an "injury in fact." *Seale v. Peacock*, 32 F.4th 1011, 1020 (10th Cir. 2022) (internal quotation marks, citation, and alterations omitted). An injury in fact is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks, citation, and alteration omitted). An allegation of future injury satisfies the injury-in-fact requirement only if the threatened injury is "certainly impending" or there is a "substantial risk" that the harm will occur. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020) (internal quotation marks and citation omitted).

The complaint alleges no facts demonstrating that the imposition of additional interest and penalties on plaintiffs for future tax years is "certainly impending" or is at a "substantial risk" of occurring. Indeed, plaintiffs can avoid any future interest and penalties while still maintaining their challenge to Oklahoma's application of its tax laws to them by timely paying any taxes under protest. *See* Okla. Stat. tit. 68, §§ 217, 226; *see also* OKLA. ADMIN. CODE § 710:1-3-47. Absent allegations plausibly demonstrating that plaintiffs are at imminent risk of the assessment of interest or penalties on future taxes, they have failed to demonstrate Article III standing. "[T]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Kan. Nat. Res. Coal. v. Dep't of Interior*, 971 F.3d 1222, 1231 (10th Cir. 2020) (citation omitted), *cert. denied*, 141 S. Ct. 2723 (2021).

### 2.   Claim For Declaratory Relief

The jurisdiction-stripping effect of the Tax Injunction Act is not limited to requests for injunctive relief.  The Act prohibits declaratory relief as well.  *See, e.g.*, *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982); *Am. Petrofina Co. of Tex. v. Nance*, 859 F.2d 840, 841 (10th Cir. 1988); *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986).  Plaintiffs' request for declaratory relief seeks to "restrain the assessment, levy, or collection" of state income taxes under the Tax Injunction Act:  plaintiffs seek a declaration that "the Choctaw Reservation is Indian country *for purposes of preempting* [s]*tate taxation* . . . upon [p]laintiffs' income*.*"  Compl. ¶ 42 (emphasis added).  The Tax Injunction Act deprives the Court of jurisdiction to grant such relief.

### 3.   Claim For Monetary Relief

The Tax Injunction Act also applies to claims seeking a refund of state taxes.  *See Brooks*, 801 F.2d at 1239; *Cities Serv. Gas Co. v. Okla. Tax Comm'n*, 656 F.2d 584, 586 (10th Cir. 1981); *accord Wright v. Pappas*, 256 F.3d 635, 636 (7th Cir. 2001); *Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 302 (4th Cir. 2000); *Kelly v. Springett*, 527 F.2d 1090, 1094 (9th Cir. 1975); *Bland v. McHann*, 463 F.2d 21, 27–28 (5th Cir. 1972); *see also Hibbs v. Winn*, 542 U.S. 88, 106 (2004) (explaining that a suit "to gain a refund of [state] taxes" falls within the Tax Injunction Act's "undisputed compass").  Here, plaintiffs seek recovery of "income tax previously paid under protest" in accordance with title 68, section 226, of the Oklahoma Statutes.  Compl. ¶ 48.  The Tax Injunction Act deprives the Court of jurisdiction over that claim.

That section 226 purports to authorize the filing of an action to recover taxes paid under protest in federal court does not alter the analysis.  *See* Okla. Stat. tit. 68, § 226(c).  As the Tenth

Circuit has explained in discussing that very provision, "the Oklahoma Legislature obviously cannot usurp Congress's prerogative in expanding or contracting the scope of a federal court's jurisdiction." *Hill*, 478 F.3d at 1254 n.19. In addition, section 226 authorizes the filing of an action to recover taxes only "in any state or federal court *having jurisdiction of the parties and the subject matter*." Okla. Stat. tit. 68, § 226(c) (emphasis added). Because the Tax Injunction Act "operates to divest the federal courts of subject matter jurisdiction," *Marcus*, 170 F.3d at 1309 (citation omitted), section 226 is inapplicable even on its own terms.[*]

## B.   Plaintiffs Have A 'Plain, Speedy And Efficient' Remedy Under State Law

Where, as here, a taxpayer's lawsuit falls within the scope of the Tax Injunction Act, the Act precludes federal jurisdiction unless state law fails to provide the taxpayer with a "plain, speedy and efficient remedy." 28 U.S.C. § 1341. "[I]f the [S]tate provides adequate procedural due process to allow a taxpayer to raise any . . . objections" under federal law, "then the [S]tate has done all that is required under the Tax Injunction Act, and as a consequence, the federal courts are foreclosed from hearing such a tax challenge." *Hill*, 478 F.3d at 1253 (citation omitted).

The Tenth Circuit has already held that Oklahoma law provides taxpayers with an adequate remedy under state law to vindicate federal challenges to state taxation. *See Hill*, 478 F.3d at 1253–54; *Brooks*, 801 F.2d at 1240; *Cities Serv. Gas*, 656 F.2d at 587–58. As the Tenth Circuit has explained, Oklahoma law "gives Oklahoma taxpayers the right to a full oral hearing before the Oklahoma Tax Commission in which all arguments may be presented" to challenge any assessment of taxes, and it "gives the taxpayer the right to appeal from the Commission's order directly to the Oklahoma Supreme Court." *Cities Serv. Gas*, 656 F.2d at 587 (citing Okla. Stat. tit. 68,

---

[*] Plaintiffs' claim under section 226 also fails for a more basic reason: they have named the wrong parties. In a suit under section 226, "the Tax Commission shall be the sole, necessary and proper party defendant." Okla. Stat. tit. 68, § 226(c). Plaintiffs have named only the individual members of the Tax Commission as defendants.

§§ 207, 225); *accord Brooks*, 801 F.2d at 1240.  A taxpayer "may also apply for injunctive and declaratory relief in the Oklahoma state courts." *Brooks*, 801 F.2d at 1240 (citing Okla. Stat. tit. 12, §§ 1397, 1651–57); *accord Hill*, 478 F.3d at 1253.  Those provisions of Oklahoma law offer plaintiffs "an adequate remedy to challenge the lawfulness of [Oklahoma's] taxing policies and practices." *Brooks*, 801 F.2d at 1240.  The Tax Injunction Act thus applies here to preclude the exercise of jurisdiction over all of plaintiffs' claims.

### C.      The Court Would Lack Jurisdiction Over The Claims For Declaratory And Monetary Relief Even If The Tax Injunction Act Did Not Apply To Them

Even if the Tax Injunction Act deprived the Court of jurisdiction over only the claim for injunctive relief, the Court would nevertheless lack subject-matter jurisdiction over the remaining claims.  With respect to the claim for a tax refund:  a court may exercise supplemental jurisdiction over a state-law claim only when it has original jurisdiction over a related federal claim.  *See* 28 U.S.C. § 1367(a); Compl. ¶ 2 (alleging that the Court has supplemental jurisdiction over the claim under section 226).  Because the Tax Injunction Act precludes the exercise of jurisdiction over the federal claim for injunctive relief, "there is no proper basis" on which to "retain supplemental jurisdiction over [plaintiffs'] state law claim[]." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 (10th Cir. 2004).

With respect to the claim for declaratory relief:  the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (citation omitted).  It "provides no separate cause of action to enforce federal statutes," but merely "provides for an alternative mode of relief when a particular law creates a cause of action." *Terry v. Health Care Serv. Corp.*, 344 F. Supp. 3d 1314, 1323 (W.D. Okla. 2018) (citation omitted); *accord Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 902 (6th Cir. 2014); *Chevron Corp. v. Naranjo*, 667 F.3d 232,

244–45 (2d Cir. 2012); *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).  In other words, the

Act "does not create substantive rights," *Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008)

(citation omitted), and thus "does not itself confer jurisdiction on a federal court where none oth-

erwise exists," *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).  Because the

Court would already lack jurisdiction over plaintiffs' claims for injunctive and monetary relief,

there would be "no rights left to be declared."  *Adams v. FedEx Ground Package Sys., Inc.*, 546 F.

App'x 772, 777 (10th Cir. 2013); *see also Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671

(10th Cir. 2016).  Conversely, the claim for declaratory relief cannot alone provide the original

jurisdiction necessary to create supplemental jurisdiction over the state-law claim.  *See Harshman*,

379 F.3d at 1167–68.  Accordingly, if the Court lacks jurisdiction over the claim for injunctive

relief, it lacks jurisdiction over the remaining claims as well.

## II.   THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION PURSUANT TO THE PRINCIPLE OF COMITY

Independent of the Tax Injunction Act, the principle of comity "restrains federal courts

from entertaining claims for relief that risk disrupting state tax administration."  *Levin v. Com.*

*Energy, Inc.*, 560 U.S. 413, 417 (2010).  Rooted in the tradition of federal respect for independent

state functions, the comity doctrine applies with "peculiar force in cases where the suit . . . is

brought to enjoin the collection of a state tax in courts of a different, though paramount sover-

eignty."  *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 108 (1981) (citation

omitted).  As long as state law provides a "plain, adequate, and complete" remedy, a taxpayer must

bring a challenge to a state tax in a state forum.  *Id.* at 116.  For purposes of the principle of comity,

"plain, adequate, and complete" carries the same meaning as "plain, speedy and efficient" under

the Tax Injunction Act.  *Id.* at 116 n.8 (quoting 28 U.S.C. § 1341).

Though the comity principle can overlap with the Tax Injunction Act, it is "more embracive" in its scope. *Levin*, 560 U.S. at 424. "Even where the Tax Injunction Act would not bar federal-court interference in state tax administration, principles of federal equity may nevertheless counsel the withholding of relief." *Brooks*, 801 F.2d at 1241 (citation omitted). Courts have accordingly applied the principle of comity to prohibit federal jurisdiction over a broad range of challenges to state taxes. *See, e.g.*, *Levin*, 560 U.S. at 430 (barring claims under the Commerce Clause and Equal Protection Clause); *Landowners United Advoc. Found., Inc. v. Cordova*, 822 F. App'x 797, 803 (10th Cir. 2020) (takings claims); *McArthur v. Utah*, 105 F.3d 669, 1996 WL 742401, at *1 (10th Cir. 1996) (unpublished table disposition) (multiple constitutional claims); *McHugh v. Carini*, Civ. No. 17-35, 2017 WL 3446286, at *4 (N.D. Okla. Aug. 10, 2017) (conversion and contract claims).

Here, this Court should hold that the comity doctrine bars plaintiffs' claims because any federal relief would disrupt state tax administration. Plaintiffs' requests for relief seek to prevent the State from assessing and collecting income taxes that "it would otherwise be entitled to" and "would lower the amount of tax revenue" that the State could collect. *Landowners United*, 822 F. App'x at 800. In other words, federal relief would constitute "the very interference in state taxation the comity doctrine aims to avoid." *Levin*, 560 U.S. at 429. Oklahoma's state remedy is adequate for the purposes of the Tax Injunction Act and thus similarly adequate under the principle of comity. *See McNary*, 454 U.S. at 116 n.8. That principle provides an additional reason why plaintiffs must challenge the State's assessment and collection of state income tax in state court or administrative proceedings.

## III.    ANY AMENDMENT TO THE COMPLAINT WOULD BE FUTILE

Because the Court lacks subject-matter jurisdiction to grant the relief requested in the complaint, no amendment would cure the defects that require dismissal. *See* LCvR 7.1(*o*).

## CONCLUSION

The motion to dismiss for lack of subject-matter jurisdiction should be granted.

/s/ Elizabeth Field
ELIZABETH FIELD (OBA #22113)
TAYLOR FERGUSON (OBA #32027)
AMBRIELLE ANDERSON (OBA #33457)
OKLAHOMA TAX COMMISSION
 P.O. Box 269056
 Oklahoma City, OK 73126
 Tel: (405) 522-9441
 Fax: (405) 601-7144
 elizabeth.field@tax.ok.gov

JULY 22, 2022

16