UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

HAROLD MEASHINTUBBY and
NELLIE MEASHINTUBBY,

                Plaintiffs,

v.

SHELLY PAULK, Chairperson of the
Oklahoma Tax Commission;
MARK WOOD, Vice-Chairperson of the
Oklahoma Tax Commission;
CHARLES PRATER, Secretary-Member
of the Oklahoma Tax Commission,

                Defendants.

No. 6:22-cv-00059-JFH

### DEFENDANTS' UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DATES OR IN THE ALTERNATIVE VACATE SCHEDULING ORDER

Defendants Shelly Paulk, Mark Wood, and Charles Prater respectfully move this Court to modify the Scheduling Order filed in this case on May 20, 2022, to extend all deadlines after August 1, 2022, by sixty (60) days or to such a date as the Court deems appropriate, or, in the alternative, to vacate the Scheduling Order pending the resolution of Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction. Plaintiffs do not oppose this request.

1. In this lawsuit, plaintiffs Harold and Nellie Meashintubby, both residents of Oklahoma and enrolled members of the Choctaw Nation, challenge the State of Oklahoma's authority to tax their income.

2. The Scheduling Order was filed in this case on May 20, 2022. The deadline for the filing of dispositive motions was set for August 15, 2022.

3. On July 22, 2022, Defendants timely filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction. Plaintiffs filed their Response on August 5, 2022. Defendants have until August 19, 2022 to reply to plaintiff's response.

4. The deadlines under the current Scheduling Order run concurrently with briefing deadlines for the Motion to Dismiss.

5. Federal Rule of Civil Procedure 16(b)(4) allows for the modification of a scheduling order on a showing of good cause.

6. Good cause exists to extend the deadlines in the current Scheduling Order. Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction raises serious questions as to whether the Tax Injunction Act, 28 U.S.C. § 1307, deprives the Court of jurisdiction over plaintiffs' claims. Should the Court find that it lacks subject-matter jurisdiction in this case, dismissal will be required, and any additional efforts undertaken by the Court and the parties on other dispositive motions would be for naught. The requested modification of the Scheduling Order would allow the Court time to decide the question of subject-matter jurisdiction before the parties proceed to brief the merits of the case. In addition, should the Court find that it has subject-matter jurisdiction in this case, the parties will need additional time to comply with the coming deadlines set forth in the Scheduling Order.

7. Modifying the Scheduling Order will not prejudice plaintiffs. This Motion is being filed prior to the passage of any deadlines and will simply allow all parties additional time to meet the deadlines set by the Court.

8. In the event the Court deems modification of the Scheduling Order insufficient to allow for the proper disposition of the issue of subject-matter jurisdiction, defendants

respectfully request the Court vacate the current Scheduling Order. Should the Court find subject-matter jurisdiction proper, the parties will propose a new scheduling order for approval by the Court.

9. Defendants contacted plaintiffs to advise them of this filing. Plaintiffs do not object.

For these reasons, defendants respectfully request this Court modify the Scheduling Order to extend all deadlines after August 1, 2022, by sixty (60) days, or to such a date as the Court deems appropriate to allow for the completion of briefing and resolution of the Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. In the event the Court deems modification of the Scheduling Order insufficient to allow for the proper dispensation of the issue of subject-matter jurisdiction, Defendants respectfully request the Court vacate the current Scheduling Order and allow the parties to propose a new Scheduling Order, if necessary, pending resolution of the issue.

Dated this 11th day of August, 2022.

Respectfully submitted,

    */s/ Ambrielle R. Anderson*
Ambrielle R. Anderson, OBA #33457
Elizabeth Field, OBA #22113
Taylor Ferguson, OBA #32027
OKLAHOMA TAX COMMISSION
P.O. Box 269056
Oklahoma City, Oklahoma 73126
Telephone:   (405) 522-9617
Facsimile:   (405) 601-7144
ambrielle.anderson@tax.ok.gov

## CERTIFICATE OF MAILING AND SERVICE

      This is to certify that on August 11, 2022, a true and correct copy of the above and foregoing ***Defendants' Unopposed Motion to Extend Scheduling Order Dates or in the Alternative Vacate Scheduling Order*** was filed by the undersigned with the Clerk of the Court using the CM/ECF System for filing and Notice of Electronic Filing was served to the following:

O. Joseph Williams, Esq.
Reservation Legal Solutions, PLLC
P.O. Box 1131
Okmulgee, Oklahoma 74447
jwilliams@reservationlaw-pllc.com
ATTORNEY FOR PLAINTIFFS

                                                */s/ Ambrielle R. Anderson*